NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

OCT 30 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ARDEN J. KIRKPATRICK, an individual; BONNIE L. KIRKPATRICK, an individual, <br><br> Plaintiffs-Appellants, <br><br> v. <br><br> WELLS FARGO BANK, N.A.; DOES, 1-10, inclusive, <br><br> Defendants-Appellees. | No. 16-56062 <br><br> D.C. No. 8:16-cv-00074-CJC-KES <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
Cormac J. Carney, District Judge, Presiding

Submitted October 23, 2017**

Before:    LEAVY, WATFORD, and FRIEDLAND, Circuit Judges.

Arden J. Kirkpatrick and Bonnie L. Kirkpatrick appeal from the district

court's judgment dismissing their diversity action alleging claims based on Wells

Fargo Bank's alleged failure to respond to the Kirkpatricks' loan modification

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

applications.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo. *Martinez v. Wells Fargo Home Mortg., Inc.*, 598 F.3d 549, 553 (9th Cir. 2010). We affirm.

The district court properly dismissed the Kirkpatricks' claim alleging a violation of 12 C.F.R. § 1024.41(b)(2) because the Kirkpatricks' applications at issue were duplicative and did not fall within the scope of the regulations.  *See* 12 C.F.R. § 1024.41(i) ("A servicer is only required to comply with the requirements of this section for a single complete loss mitigation application for a borrower's mortgage loan account.").

The district court did not abuse its discretion by taking judicial notice of recorded documents related to the foreclosure of their property.  *See Lee v. City of Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001) (setting forth the standard of review and noting that a court may rely on matters of public record that are not subject to reasonable dispute).

We do not consider the Kirkpatricks' argument regarding whether there was a material violation of Cal. Civ. Code § 2924.10 due to the accrual of fees and penalties because these allegations are new on appeal and inconsistent with their complaint.  *See Ecological Rights Found. v. Pac. Gas & Elec. Co.*, 713 F.3d 502, 510-11 (9th Cir. 2013) (declining to consider a new argument that was not consistent with the operative complaint and would effectively be an attempt to

amend the operative complaint on appeal); *see also Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (noting that arguments and allegations raised for the first time on appeal are not considered).

**AFFIRMED.**